IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC and SMITHKLINE BEECHAM (CORK) LIMITED,<br><br>  Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>  Defendant. | Civil Action No. 14-878-LPS-CJB |

## ORDER

At Wilmington this **28th day of January, 2016**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 98, 99), relating to Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") pending discovery-related motion, (D.I. 97), as well as the parties' arguments made during today's teleconference with the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  With regard to Teva's Interrogatory No. 5, the Court understands that dispute to now be MOOT.

2.  With regard to Teva's Interrogatory No. 12, the Court ORDERS that by no later than **February 17, 2016**, Plaintiffs GlaxoSmithKline LLC and SmithKline Beecham (Cork) Limited (collectively, "GSK") shall provide Teva with a Second Supplemental Response relating to GSK's claim for lost profits damages. This response shall amount to a meaningful articulation of the bases for GSK's contention that it is entitled to such damages. It shall further include a

narrative explanation as to how the information contained in any of the documents referenced in GSK's First Supplemental Response to this interrogatory, (D.I. 98, ex. B at 21), shed light on GSK's contention that it is entitled to lost profits damages, (*see, e.g.*, D.I. 99 at 2 n.6 & exs. D-E).

3. With regard to Teva's Requests for Production Nos. 3, 4, 10, 11, 13 and 14, by no later than **February 17, 2016**, the parties shall: (1) meet and confer to determine whether they can reach agreement on a reasonable and focused number of additional steps that GSK will take, in order to further search for responsive documents; and (2) submit a joint letter of no more than two single-spaced pages that informs the Court as to whether the parties have reached an agreement on the issue. If the parties do not reach agreement, the letter should also include: (1) Teva's position as to the specific further steps that the Court should order GSK to take, in order to locate responsive documents (e.g., identification of a limited number of additional search terms that GSK should use, or a limited number of additional locations where GSK should search), as well as an explanation of why these step(s) are both reasonable and focused, and (2) a response from GSK as to why it believes such steps are not appropriate.

4. With regard to Teva's Requests for Production 64-66, in light of GSK's response, (D.I. 99 at 4), the Court understands this issue to now be MOOT.

5. With regard to the production of electronically stored information from GSK's five custodians, (D.I. 98 at 2), the Court ORDERS that GSK shall produce all such documents by no later than **February 17, 2016**.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE