IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXOSMITHKLINE LLC and SMITHKLINE BEECHAM (CORK) LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-878-LPS-CJB |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) ) | |
| GLAXOSMITHKLINE LLC and SMITHKLINE BEECHAM (CORK) LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-877-LPS-CJB |
| GLENMARK PHARAMCEUTICALS INC., USA, | ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE CERTAIN EXPERT TESTIMONY**

The above matters having come before the Court on Motions for Summary Judgment by Defendants Glenmark Pharmaceuticals, Inc., USA ("Glenmark") and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants"), and having considered the motions, the evidence and arguments submitted in support thereof, and Plaintiffs GlaxoSmithKline LLC and SmithKline Beecham Cork (Cork) Limited's (collectively, "GSK" or "Plaintiffs") opposition thereto, the Court hereby finds that summary judgment is warranted because "there is no genuine dispute as to any material fact" and Defendants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the Court hereby GRANTS Defendants' Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as follows:

1) Claims 1-3 and 6-9 of U.S. Patent No. RE40,000 are invalid under 35 U.S.C. § 102 because the prior art publication Kelly, "Carvedilol in heart failure," 82 (Supp. 3) *Cardiology* 45-49, 47 (1993) (Ex. 8, "Kelly"), expressly and inherently discloses all limitations of claims.

2) Claim 4 of U.S. Patent No. RE40,000 is invalid as obvious under 35 U.S.C. § 103 in view of the combination of Kelly and Olsen, et al., "Carvedilol improves symptoms and left ventricular function in patients with congestive heart failure due to ischaemic or idiopathic dilated cardiomyopathy," 21(Suppl. A) *J. Am. Coll. Cardiol.* 114A, Abstract 725-2 (1993) (Ex. 7, "Olsen").

3) Claim 4 of U.S. Patent No. RE40,000 is invalid as obvious under 35 U.S.C. § 103 in view of Kelly and the knowledge of a person of ordinary skill in the art.

4) Defendants do not induce infringement of the asserted claims of U.S. Patent No. RE40,000 because Plaintiffs have failed to set forth evidence that any action by Defendant caused any alleged acts of direct infringement.

5) Defendants do not induce infringement of the asserted claims of U.S. Patent No. RE40,000 during the "Skinny Label" period.

6) Defendant Glenmark does not induce infringement of the asserted claims of U.S. Patent No. RE40,000 during the full label period.

7) Plaintiffs are not entitled to lost profits as a matter of law;

8) The administration of carvedilol during the first six months of the maintenance period is non-infringing; and

9) Plaintiffs are not entitled to damages based on a theory of convoyed sales as a matter of law.

The above matters having also come before the Court on Defendants' Motions to Exclude Certain Expert Testimony, and having considered the motions, the evidence and arguments submitted in support thereof, and Plaintiffs' opposition thereto, the Court hereby GRANTS Defendants' Motions to Exclude Certain Expert Testimony pursuant to Federal Rule of Civil Procedure 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993) as follows:

1) The opinions offered by Plaintiffs' expert, Dr. Robert S. Maness, concerning lost profits are excluded;

2) The results of the survey of doctors conducted by Plaintiffs' expert, Dr. Brian C. Reisetter, are excluded; and

3) The opinions offered by Dr. Reisetter regarding lost profits are excluded.

IT IS SO ORDERED this \_\_\_ day of _____, 2017.

_____
Chief United States District Judge

Dated: _____