IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC, SMITHKLINE BEECHAM (CORK) LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | C. A. No. 14-878-LPS-CJB |

## JOINT PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court for a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiffs' Counsel:**

Michael J. Kane
Phillip W. Goter
William R. Woodford
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
kane@fr.com; goter@fr.com;
woodford@fr.com


Juanita R. Brooks
Jonathan E. Singer
Michael A. Amon
Robert M. Yeh
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
shear@fr.com; amon@fr.com;
ryeh@fr.com

Douglas E. McCann (#3852)
Elizabeth M. Flanagan (#5891)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-6070
dmccann@fr.com; eflanagan@fr.com

**Defendant's Counsel:**

Ira J. Levy
Andrew E. Riley
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 813-8800
ilevy@goodwinlaw.com
ariley@goodwinlaw.com

J. Anthony Downs
Daryl L. Wiesen
Christopher T. Holding
Elaine Herrmann Blais
Lana Shiferman
Robert Frederickson, III
Alexandra Lu
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone:  (617) 570-1000
dwiesen@goodwinlaw.com;
cholding@goodwinlaw.com;
eblais@goodwinlaw.com
lshiferman@goodwinlaw.com
rfrederickson@goodwinlaw.com
alu@goodwinprocter.com

John W. Shaw (#3362)
Karen E. Keller (#4489)
David M. Fry (#5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th
Floor
Wilmington, DE 19801
Telephone:  (302) 298-0700
jshaw@shawkeller.com;
kkeller@shawkeller.com;
dfry@shawkeller.com

## I.      Nature of the Case

This is a patent infringement action filed by Plaintiffs GlaxoSmithKline, LLC, and

SmithKline Beecham (Cork) Limited (collectively "GSK") against Defendant Teva

Pharmaceuticals USA, Inc. ("Teva").  GSK alleges that Teva induced infringement of one or

more claims of GSK's U.S. Patent No. RE40,000 ("the '000 patent"), which issued on January 8,

2008 and expired on June 7, 2015.

GSK originally filed suit in this Court on July 3, 2014.  Since then, GSK has filed two

amended complaints.  The Second Amended Complaint (D.I. 60) is GSK's operative pleading.

Teva's answer filed on February 9, 2016 (D.I. 105) is its operative pleading.

GSK is currently asserting independent claim 1 and dependent claims 2-4 and 6-9 of the

'000 patent against Teva.  GSK will allege at trial that Teva induced infringement of independent

claim 1 and dependent claims 2-4 and 6-9 of the '000 patent.  GSK seeks damages to compensate

for Teva's infringement in the form of GSK's lost profits, with a reasonable royalty remainder,

as well as interest and costs, in accordance 35 U.S.C. § 284.  GSK also seeks attorneys' fees

pursuant to 35 U.S.C. § 285.

Teva denies that it has induced infringement of any asserted claim of the '000 patent and

that GSK is entitled to any damages.  Teva denies that GSK is entitled to enhanced damages,

interest and costs, in accordance 35 U.S.C. § 284 or attorneys' fees pursuant to 35 U.S.C. § 285.

Teva will allege at trial that claims 1-4 and 6-9 of the '000 patent are invalid because they are

anticipated and rendered obvious by one or more prior art references under 35 U.S.C. § 102 and

103.  Teva will also allege that all of the asserted claims of the '000 patent are invalid because

they fail to meet the subject matter patent eligibility requirements of 35 U.S.C. § 101 and the

conditions for patentability found in 35 U.S.C. § 112, including written description.  Teva will

also allege that GSK's claims are barred or limited by laches and equitable estoppel.   Teva will

also allege at trial that even if the '000 patent is found valid and infringed, GSK is not entitled to

any lost profit damages and any damages award is limited to an award of reasonable royalties.

Teva also seeks attorneys' fees pursuant to 35 U.S.C. § 285.

On January 27, 2017, the parties filed dispositive motions, including *Daubert* motions to

exclude expert testimony. GSK filed a motion to exclude certain testimony by Teva's damages

expert, Sumanth Addanki (D.I. 246), and to exclude certain expert testimony from Sandra

Kinsey (D.I. 250). Teva filed dispositive motions for summary judgment seeking: i) invalidity

of claims 1-3 and 6-9 of the '000 patent as anticipated; ii) invalidity of claims 4, 6, and 7 of the

'000 patent as obvious, iii) no inducement of infringement of the asserted claims of the '000

patent, iv) no lost profits damages, v) that administration of carvedilol during the first six months

of the maintenance period does not infringe the claims of the '000 patent, vi) that GSK is not

entitled to damages based on a theory of convoyed sales. (D.I. 249). Teva also filed a *Daubert*

motion to exclude certain testimony from GSK's survey expert, Brian Reisetter and damages

expert, Robert Maness (*Id.*). All of those motions were referred to Magistrate Judge Burke for a

report and recommendation. Judge Burke held the motion hearing on March 24, 2017. On May

2, 2017, Magistrate Judge Burke issued a report and recommendation denying Teva's summary

judgment motion that claims 1-3 and 6-9 are invalid as anticipated and that claims 4, 6, and 7 are

invalid as obvious. (D.I. 346). Magistrate Judge Burke also issued a report and recommendation

denying GSK's *Daubert* motion as to Ms. Kinsey. (D.I. 347). Briefing regarding objections to

these reports and recommendations, to the extent that the parties file objections, are due to be

complete by May 22, 2017. On May 11, 2017, Magistrate Judge Burke issued a report and

recommendation granting Defendants' motion for summary judgment regarding Plaintiffs' claim

of lost profits for "convoyed sales." (D.I. 351). Briefing regarding objections to this report and

recommendation, to the extent that the parties file objections, is due to be complete by May 25, 2017.

The Court has scheduled a pretrial conference for May 26, 2017.  Trial is scheduled to begin on June 12, 2017.  The Court may need to address objections to Magistrate Judge Burke's report and recommendations related to dispositive motions, to the extent the parties file any such objections, at the May 26, 2017 Pretrial Conference.  Otherwise, this pretrial order and May 26, 2017 Pretrial Conference should only address the parties' jury trial and equitable issues.

With respect to any defenses where the Court is the fact finder, GSK requests that the Court schedule a bench trial.  Teva requests that all defenses be presented to the jury and the jury be asked to issue an advisory verdict on any equitable defenses.

## II.     Jurisdiction

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court's jurisdiction over the parties and over the subject matter is not disputed.

## III.    Facts

### A.     Uncontested Facts

Attached as **Exhibit 1** is a list of facts which are not disputed or have been agreed to by the parties.  Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury or Court as agreed by the parties or allowed by the Court, and will be charged for the time used to do so.

### B.     Contested Facts

Attached as **Exhibit 2** is a list of issues of fact which GSK contends remain to be litigated.  Attached as **Exhibit 3** is a list of issues of fact which Teva contends remain to be litigated.  The parties reserve the right to modify or supplement their list of issues of fact that

remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent order of the Court or by agreement of the parties.

## IV.    Issues of Law

Attached as **Exhibit 4** is a list of issues of law which GSK contends remain to be litigated.  Attached as **Exhibit 5** is a list of issues of law which Teva contends remain to be litigated.  The parties reserve the right to modify or supplement their list of issues of law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent order of the Court or by agreement of the parties.

## V.    Witnesses

With the exception of expert witnesses and a corporate representative for each party, the parties agree that witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rule of Evidence 615.  The parties shall identify by email to opposing counsel their corporate representative no less than two (2) business days before the first day of the currently scheduled trial, i.e., by Thursday, June 8, 2017.

The parties agree that unless the Court orders otherwise, the order of the presentation of evidence will follow the burden of proof.  GSK shall present its case first on the issues of infringement, willfulness, and damages.  Teva may then present its response on infringement, willfulness, and damages and its case-in-chief on validity and its equitable defenses.  GSK objects to the presentation of non-jury defenses to the jury.  GSK may then present its response on validity and rebuttal on infringement, willfulness, and damages.  Teva may then present its rebuttal on validity.

Each party will provide to the other a good-faith list of witnesses it intends to call live at the trial by June 2, 2017, without prejudice to the right to remove or add any witness.

Except as set forth herein, no fact or expert witness called by a party shall be permitted to testify in its case-in-chief or responsive case at trial if not identified in this Order, unless the Court determines that good cause exists and that in the interests of justice such witness should be called.  The parties agree that: (1) all witnesses, including potential rebuttal witnesses, should be identified in this Order; (2) the listing of a witness on a party's witness list or inclusion of witness's deposition testimony on a party's list of deposition designations does not require the party to call that witness to testify live or by designation, and does not imply or establish the listed party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

Prior to the start of the direct and cross-examination of any witness, the parties agree to provide the other with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross-examination of that witness.

### A.      Witnesses GSK Expects To Or May Call

| Witness Name | Will Call Live | May Call Live | May Call By Deposition |
|---|---|---|---|
| Nicholas Godici (Expert) | | X | |
| Erika Lietzan (Expert) | | X | |
| Robert Maness (Expert) | X | | |
| Peter McCullough (Expert) | X | | |
| Brian Reisetter (Expert) | X | | |
| Charles Kinzig | | X | X |
| Mary Ann Lukas | | X | |
| Bart Murray | | X | |
| Robert Ruffolo | | X | |
| Neil Shusterman | | X | X |
| Norm Vojir | | X | |
| Jennifer King | | X | X |
| Jill Pastore | | X | X |
| Suzanne Collier | | X | X |
| David Rekenthaler | | | X |
| Clive Rosendorff (Expert) | | X | X |

GSK reserves the right to supplement, amend or modify this witness list prior to or during trial based on case developments and/or in light of any order regarding the scope of the trial or in light of any information submitted by Teva as part of its pretrial filings or otherwise.  GSK also reserves the right to call any witness that appears on Teva's witness list without waiving any objections to the admissibility of testimony offered by Teva.  GSK reserves all rights to call the witnesses by deposition as identified in its deposition designations or counter-designations.  GSK reserves the right to call any other witnesses as necessary for impeachment and/or rebuttal.  If Teva challenges the authenticity of any documents, articles or things presented by GSK at trial, GSK reserves the right to call additional witnesses as may be required solely for document authentication.  GSK also reserves the right to substitute witnesses should one of the individuals listed in the disclosure not be available at the time of trial.  GSK's representatives, employees, former employees, agents and witnesses and/or any individual represented by Fish & Richardson P.C. ("Fish") should be contacted through Fish.

### B.  Witnesses Teva Expects To Or May Call

Teva reserves the right to supplement, amend or modify its witness list prior to or during trial based on case developments and/or in light of any order regarding the scope of the trial or in light of any information submitted by GSK as part of its pretrial filings or otherwise.  Teva further reserves the right to call any witness that appears on GSK's witness list without waiving any right to object to GSK's presentation of such witnesses at trial, without waiving any objections to the admissibility of such testimony, and without waiving the right to move for the exclusion of any such testimony. Teva reserves all rights to call the witnesses by deposition as identified in its deposition designations or counter-designations.  Teva reserves the right to call any other witnesses as necessary for impeachment and/or rebuttal.  If GSK challenges the

authenticity of any documents, articles or things presented by Teva at trial, Teva reserve the right

to call additional witnesses as may be required solely for document authentication.  Teva also

reserves the right to substitute witnesses should one of the individuals listed in the disclosure not

be available at the time of trial.  Teva's representatives, employees, former employees, agents

and witnesses and/or any individual represented by Goodwin Procter LLP should be contacted

through Goodwin Procter LLP.

Subject to, and without waiving the foregoing rights and objections, at this time Teva

identifies the following preliminary list of trial witnesses it may to call:

| Name | Will Call Live | May Call Live | May Call By Deposition |
|---|---|---|---|
| Sumanth Addanki (Expert) | ✓ | | |
| Jaime Berlanska | | ✓ | |
| Gene Cioschi | | ✓ | |
| Suzanne Collier | | ✓ | |
| Ivan T. Hofmann (Expert) | | ✓ | |
| Kurt R. Karst (Expert) | ✓ | | |
| Mary Ann Lukas | | | ✓ |
| Jennifer M. King | | ✓ | |
| Sandra Kinsey (Expert) | ✓ | | |
| Charles Kinzig | | ✓ | ✓ |
| Robert S. Maness Ph.D. (Expert) | | ✓ | |
| M. Laurentius Marais (Expert) | | ✓ | |
| Bart Murray | | ✓ | ✓ |
| Jill Pastore | | ✓ | |
| David Reckenthaler (Third Party) | | | ✓ |
| Clive Rosendorff (Expert) | ✓ | | |
| Robert Ruffalo Jr. | | | ✓ |
| Neil Shusterman | | | ✓ |
| Norman Vojir | | | ✓ |
| Mathew Walker | | | ✓ |
| Russell S. Winer (Expert) | | ✓ | |
| Randall Zusman (Expert) | ✓ | | |

For those witnesses whose testimony will be offered live, the parties shall be permitted to

make transition statements to introduce the witnesses and their role in the litigation.  However,

counsel shall not be permitted to argue or comment on the evidence during transition statements. Transition statements will count against the time of the party offering the testimony.

### C.     Witness Disclosure Procedures

The parties shall provide a list identifying the specific witnesses that they intend to call for direct examination, either live or by designation, and the order in which they will be called, by 7:00 p.m. (all times are Eastern time) two (2) calendar days before they intend to call those witnesses at trial.  (For example, if a party intends to call a witness on Wednesday, that party shall disclose that witness's name to the opposing party no later than 7:00 p.m. on Monday.) Each party shall give the other party 48-hours notice of when it expects to rest its case so that the opposing party will have the ability to comply with the provisions in this paragraph.

Each party shall be bound to call the witnesses identified in its list in the order and manner (i.e., live or by designation) identified, except by agreement of the parties or for good cause shown.  Nonetheless, the listing of a witness on a party's witness list or inclusion of witness's deposition testimony on a party's list of designations does not require the party to call that witness to testify live or by designation, and does not imply or establish the listed party has the power to compel the live or deposition testimony of that witness or make that witness available to the opposing party.

### D.     Testimony by Designation

Attached as **Exhibits 6 and 7** are GSK's and Teva's designations, respectively, for those witnesses each party expects to call or may call by designation and each party's objections and counter-designations thereto.  **Exhibits 6 and 7** contain the maximum universe of designations, and counter-designations, subject to further rulings by the Court, except as necessary to establish foundation or authenticity of an exhibit.  **Exhibits 6 and 7** shall not be supplemented without

-11-

approval of all parties or leave of the Court, on good cause shown, although the parties anticipate

making further cuts during their rolling disclosures for trial and specifically reserve the right to

rely on each other's designations during the process of those exchanges.

All irrelevant and redundant material, including colloquy between counsel and

objections, will be eliminated when the designations are read or played at trial.

When a witness is called to testify by designation at trial, the party calling the witness

shall provide the Court with two copies of the transcript of the complete set of designations and

counter-designations that will be read or played.  The parties will be charged for all time that

elapses from the time the witness is called until the next witness is called, according to the

proportions to be provided by the parties, barring any recesses or other time the Court is not in

session.

For those witnesses whose deposition or prior trial testimony will be played or read to the

jury, the parties shall be permitted to make transition statements to introduce the witnesses and

their role in the litigation.  However, counsel shall not be permitted to argue or comment on the

evidence during transition statements.  Transition statements will count against the time of the

party offering the testimony.

**GSK's Position:**  Each party will identify specific excerpts of prior testimony that it

intends to introduce by 7:00 p.m. three (3) calendar days before the start of the trial day on which

that witness's testimony will be offered.  (For example, witnesses to be called by designation on

Wednesday must be disclosed by 7:00 p.m. the preceding Sunday, along with their proposed

testimony.)  The other side must identify any objections to the designated testimony and any

counter designations no later than noon two (2) calendar days before the start of the trial day on

which that witness's testimony will be offered to permit the designating party to provide any

-12-

counter-counters.  The parties shall meet and confer as to any objections no later than 7:00 p.m. two (2) calendar days before the start of the trial day on which that witness's testimony will be offered.  Any unresolved objections will be submitted to the Court in a joint submission by 8:30 a.m. the next morning — i.e., one (1) calendar day before the trial day on which that witness's testimony will be offered.  The joint letter shall (i) include a copy of the entire proposed testimony of the witness at issue, clearly highlighting the designations; and (ii) a cover letter identifying the pending objections, as well as a brief indication (no more than one sentence per objection) of the basis for the objection and the offering party's response to the objection. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the testimony or waiver of objection to the use of the testimony.

**Teva's Position**:  The designating party shall provide notice of the specific pages and lines of the deposition transcript it intends to use four calendar days before the party intends to use it at trial.  The other party shall, within 24 hours after receiving the designations, identify any counter-designations by specific page and line numbers and objections.  If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than two (2) calendar days before the witness is to be called at trial, submit, on behalf of all parties:  (i) a copy of the entire deposition transcript of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

-13-

### E.     Impeachment with Prior Inconsistent Testimony

 The Court should allow objections to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.  To the extent that one party plans to impeach a witness with prior inconsistent testimony, the alleged prior inconsistent testimony must be shown to the Court and opposing counsel, giving opposing counsel the opportunity to object as improper impeachment testimony, before it is published to the jury at trial or read into the record.

### F.     Objections to Expert Testimony

The parties request that the Court rule at trial on objections to expert testimony as beyond the scope of prior expert reports, taking time from the parties' trial presentation to argue and decide such objections.

## VI.     Exhibits

### A.     Exhibits

Attached as **Exhibit 8** is a list of exhibits which GSK intends to offer at trial.  Attached as **Exhibit 9** is a list of exhibits which Teva intends to offer at trial.

This Joint Final Pretrial Order contains the parties' good-faith efforts to identify the maximum universe of exhibits to be used in any party's case-in-chief.  Nonetheless, the parties have agreed that the deadline to supplement the exhibit list to include additional exhibits is June 2, 2017, after which the exhibit list shall not be supplemented without approval of all parties or leave of the Court, on good cause shown.

Unless agreed to otherwise, each party will provide to the other party a written list of exhibits, by number and witness(es) for whom the exhibits will be used, that it intends to use on direct examination in Court, by 7:00 p.m. two nights before the trial day on which the exhibits are intended to be used and the witnesses (whether live or by deposition) are intended to be

called.  The other party shall identify any objections to exhibits the following day by 9:00 a.m.,

and the parties will meet and confer regarding any unresolved objections by 9:30 p.m. that

evening and will present any unresolved issues to the Court the morning of the proposed use of

the disputed exhibit.  If any of the exhibits change after the deadline, the party intending to use

the exhibit will promptly notify the opposing party of the change(s).

Absent a stipulation between the parties, no exhibit will be admitted unless offered into

evidence through a witness.  By the completion of the witness's testimony (or before the party

calling the witness in its case rests), any party that has used an exhibit with the witness and

wishes that exhibit to be admitted into evidence should formally move the exhibit into evidence,

by exhibit number.

After opening statements, exhibits may not be published, displayed or otherwise shown to

the jury until after they have been admitted into evidence, except for purposes of impeachment.

Impeachment evidence must be treated as described in Section V(E), above.  Once admitted,

counsel may publish exhibits to the jury without requesting to do so.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a

completed AO Form 187 exhibit list for each party.  Plaintiffs will deliver to the Courtroom

Deputy a completed AO Form 187 identifying the parties' joint exhibits.

The parties agree that any description of a document on an exhibit list is provided for

convenience only and shall not be used as an admission or otherwise as evidence regarding the

listed document or any other listed document.

A party may replace poor print or digital quality copies of exhibits with improved or

higher print or digital quality copies.  Any replacement copies must be provided to the other

party no later than the day prior to use.

Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence.  The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence.  If a party attempts to introduce an exhibit listed on the other party's exhibit list, the listing party reserves the right to object to such introduction.

[**GSK Proposal**:  Any documents or prior sworn testimony or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes, absent any order to the contrary (e.g. materials the Court has struck from the case).

**Teva Proposal:**  Any documents or prior sworn testimony or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of ~~cross-examination,~~ impeachment~~, or rehabilitation~~, if otherwise competent for such purposes, absent any order to the contrary (e.g. materials the Court has struck from the case).]

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.  The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial

### B.     Demonstrative Exhibits

Unless agreed to otherwise, each party will provide to the other party a copy of demonstratives, by witness(es) for whom the demonstratives will be used, that it intends to use on direct examination in Court, by 7:00 p.m. the night before the trial day on which the demonstratives are intended to be used and the witnesses (whether live or by deposition) are intended to be called.  The other party shall identify any objections to demonstratives by 9:00 p.m. the night before the demonstratives are intended to be used.  The parties will meet and confer regarding any unresolved objections by 9:30 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed demonstrative.  If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color copy of the demonstrative to the other side in PDF form, including variations of any demonstrative a party intends to use. Subject to the exceptions below, only variations of demonstratives that were actually disclosed may be used with a witness at trial.  For video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD, CD, or by FTP site in the same form in which it will be used at trial.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

This agreement does not apply to demonstratives drawn or created by a witness or counsel during the course of direct testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use.  In addition, blow-ups, highlights, and/or ballooning of admitted exhibits or parts of admitted exhibits or testimony are not required to be provided to the other side in advance of their use provided that the exhibit itself has been disclosed.

-17-

Reasonable, non-substantive edits or corrections of typographical and similar errors to demonstratives may be made to such demonstratives prior to use.  Demonstrative exchanged in accordance with the above paragraph will not be used by the opposing party prior to being used by the disclosing party.

**GSK Position**:  The parties shall not exchange opening statement or closing argument presentations.  To the extent that a party objects to the other's presentation during opening statements and/or closing statements, such objections shall be raised in real time, and addressed by the Court as necessary.  To the extent the Court orders the parties to exchange opening statement presentations, GSK proposes that the parties exchange such presentations by 9:00a.m. ET, the morning of opening statements, with any objections to be resolved before opening statements are presented to the jury.

**Teva Position**:  The parties shall exchange any demonstratives to be used in opening statements and closing statements in advance of their use according to the following procedure. Counsel shall provide a copy of any demonstrative to be used during opening statement and a list of all exhibits or portions of exhibits to be shown to the jury during opening statements by 2:00 p.m. one day before openings (i.e. on Sunday for Opening Statements set to begin on Monday). The parties shall serve any objections to demonstratives or exhibits to be used during opening statements by 6:00 pm that evening and shall meet and confer about any remaining objections at 8:00 pm that evening.  Counsel shall provide a copy of any demonstrative exhibits to be used during closing arguments (not including any that have previously been used at trial) by 7:00 pm the night prior to closing arguments. The parties shall serve any objections to demonstratives or exhibits by 9:00 pm that evening and shall meet and confer about any remaining objections at 9:30 pm that evening. If the trial proceedings do not allow for this procedure, counsel will

nonetheless provide a copy of any demonstrative exhibits to be used during closing arguments (not including any that have been previously used at trial) to opposing counsel before closing arguments to allow an opportunity for objections before demonstrative exhibits are shown to the jury.

## VII.   Damages

At trial, GSK will seek damages in the form of lost profits with a reasonable royalty remainder pursuant to 35 U.S.C. § 284 and as set forth in its expert's report, as compensation for Teva's alleged past infringement of the '000 patent.  GSK will further seek enhanced damages under 35 U.S.C. § 284 for Teva's alleged willful infringement, an award of prejudgment and post-judgment interest, an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure 54.

Teva will seek an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure 54.

## VIII.   Bifurcated Trial

The parties have not sought bifurcation.

## IX.   Motions *in Limine*

The briefing for GSK's motions *in limine* is attached hereto as **Exhibit 10**.  The briefing for Teva's motions *in limine* is attached hereto as **Exhibit 11**.

## X.   Discovery

Each party has completed discovery.

## XI.    Number of Jurors

There shall be eight jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.  The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

## XII.    Length of Trial

The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by the other party, closing argument, its argument on any motions for judgment as a matter of law, and all sides' argument on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits if those objections are unsuccessful.  Time will not be charged to any party for jury selection, jury charge, and jury deliberations.

The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allotted trial time, the Court may terminate that party's trial presentation.

Subject to the parameters in Section XII and considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties' requests for trial time are as follows:

- GSK requests 30 hours (15 hours for each side) for trial presentation.

- Teva requests 40 hours (20 hours for each side) for trial presentation.

## XIII.   Motions For Judgment As A Matter Of Law

The parties will make motions for judgment as a matter of law ("JMOL") orally at a subsequent break at the close of all evidence out of the presence of the jurors.  The Court can then decide, based on the motions presented orally, whether to entertain argument or further briefing.  The parties also agree that any renewed JMOL motions will be addressed in connection with the schedule for post-trial briefing to be set by the Court.

## XIV.   Amendments to Pleadings

The parties do not presently expect any amendments to the pleadings, subject to the Court's rulings on pending motions or otherwise.

## XV.   Additional Matters

### A.   Jury Notes

The parties agree that the jurors should be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these handwritten notes, along with a notebook containing the photographs of all witnesses (as provided by the parties) into the deliberation room.  [**GSK proposes** to include the '000 patent.  **Teva proposes** to also include a glossary of terms and the prior art relied on by Teva at trial for purposes of 35 U.S.C. §§ 102 and 103.  Teva objects to including the asserted patent if no prior art is included in the witness binders.]  The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review.

### B.   Setup of Electronic and Computer Devices

The parties request that the Court grant access to the Courtroom on the business day before trial begins for the purposes of setting up electronic and computer devices. To the extent both

parties are utilizing common equipment in the Courtroom, the parties will share the cost of that equipment.

### C.   Federal Judicial Center Introduction to the Patent System Video

The parties stipulate that the Federal Judiciary Center video will be played as part of the Court's preliminary jury instructions.

### D.   List of other Matters for Consideration and/or Resolution by the Court

The parties identify the following additional matters for the Court.

**1.**   Trial of Teva's Section 101 invalidity defense

**2.**   Teva requests that the Court allow the jury to render an advisory verdict on Teva's equitable defenses.  GSK opposes this request.

**3.**   Teva requests the Court limit the disputes for the jury to resolve regarding anticipation to the two factual disputes identified by Judge Burke in the Report and Recommendation on Teva's motion for summary judgment.  GSK opposes this request based on the objections it filed to Judge Burke's Report and Recommendation on May 12, 2017.

## XVI.   Settlement

The parties have in good faith explored resolution of this controversy by settlement but no agreement has been reached.

**IT IS HEREBY ORDERED** that this Joint Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated:  May __, 2017

_____
UNITED STATES DISTRICT JUDGE


APPROVED AS TO FORM AND
SUBSTANCE


*/s/ Douglas E. McCann*_____
ATTORNEY FOR PLAINTIFFS


*/s/ Karen E. Keller*_____
ATTORNEY FOR DEFENDANT