IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXOSMITHKLINE LLC and SMITHKLINE BEECHAM (CORK) LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-878-LPS-CJB |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) | |

**TEVA'S BENCH MEMORANDUM**
**REGARDING THE SCOPE OF GSK'S CLOSING ARGUMENT**

OF COUNSEL:
Ira J. Levy
Andrew E. Riley
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Daryl L. Wiesen
J. Anthony Downs
Christopher T. Holding
Elaine Herrmann Blais
Lana S. Shiferman
Robert Frederickson, III
Alexandra Lu
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Teva*
*Pharmaceuticals USA, Inc.*

Dated: June 19, 2017

GSK should not be permitted to present accusations, with no support in the record, that Teva's position in this case is inconsistent with other litigation. During arguments on Monday, counsel for GSK suggested that Teva was making statements in this trial inconsistent with positions taken in other products liability actions:

> In multiple product liability cases, Teva has -- where there has been off-label use where Teva has a partial label, Teva has argued that doctors always read Teva's labeling and rely on it and would not prescribe something off-label. And so they actually say that it's just based on an assumption and speculation that doctors will willfully disregard Teva's labeling and that the doctors ignore a generic's product labeling, and that that is just not the case, that they would in fact read the labeling and only prescribe, in this case it was tramadol, for the conditions for use for which it was labeled.

(Trial Tr. 1472:6-16). To the contrary, Teva has successfully argued on numerous occasions in products liability cases that **doctors do not read Teva's generic labels**—completely consistent with the position Teva has taken in this case. *See e.g., Fulgenzi v. PLIVA, Inc.*, C.A. No. 09-cv-1767, 2015 WL 6444317, at * 3 (N.D. Ohio Oct. 23, 2015) (explaining that "he relied on his clinical experience and his past knowledge of [the name-brand drug] in prescribing it for plaintiff" and that "he did not review the package insert or labeling . . . ."); *Pustejovsky v. PLIVA*, 623 F.3d 271, 274 (5th Cir. 2010)("Dr. Collini testified that she did not recall ever reading the package insert for the drug or consulting the Physician's Desk Reference," but rather relied on "her training and experience"); *Conte v. Wyeth, Inc.*, 168 Cal. Rptr. 3d 299, 318-320 (Cal. Ct. App. 2008) ("No evidence suggests that Dr. Elsen relied on either the price lists or the package inserts for generic metoclopramide, if and when he wrote or ordered Ms. Conte's Reglan prescriptions."); *Huck v. Physicians Grp.*, C.A. No. LACV018947 (Iowa Sept. 24, 2010) (stating that the parties stipulated that "Kenneth Adams, M.D., did not see, review or rely upon any PLIVA, Inc. label for the prescription drug metoclopramide before prescribing Reglan to Ms. Huck . . . .").

Counsel for GSK cannot credibly claim surprise at Teva's position during this trial. Teva has maintained this position throughout this case and GSK knew that Teva planned to argue at trial that doctors do not read Teva's generic label and therefore Teva's label could not induce infringement. (*See e.g.,* D.I. 249 at 2, 15-17). This argument should be unsurprising to no one— and it is clear from GSK's opening statement that GSK in fact expected Teva to maintain it. (Trial Tr. 311:15-16). Any suggestion to the contrary is baseless.

At no point during trial—nor during the years of litigation—until the argument today, has GSK argued that Teva has taken inconsistent positions in other actions regarding whether or not doctors read Teva's generic label. To do so on the eve of closing arguments raises the specter that GSK will attempt to make this new argument in its closing arguments, giving Teva no chance to respond. The Court should not allow GSK to do so.[1]

## CONCLUSION

To eliminate the risk that Teva is further prejudiced by inaccurate and unsubstantiated statements made by GSK's counsel to the jury, Teva respectfully requests the Court instruct counsel for GSK to not discuss during closing statements any statements made by Teva in any products liability case in which Teva was involved.

---

[1] The evidence in this case also contradicts the insinuation made by GSK during its opening statement that Teva's product is unsafe. Counsel for GSK indicated that she will not discuss the safety of Teva's product "unless Teva opens the door." (Trial Tr. 1471:18-23). To the extent Teva deems it necessary to explain GSK's incorrect statement to the jury during Teva's closing argument, Teva should be permitted to do so without concern that GSK will again call into question the safety of Teva's generic carvedilol product.

|  |  |
|---|---|
| OF COUNSEL:<br>Ira J. Levy<br>Andrew E. Riley<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br><br>Daryl L. Wiesen<br>J. Anthony Downs<br>Christopher T. Holding<br>Elaine Herrmann Blais<br>Lana S. Shiferman<br>Robert Frederickson, III<br>Alexandra Lu<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000<br><br>Dated:  June 19, 2017 | Respectfully submitted,<br><br>/s/ Karen E. Keller<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |