UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLAXOSMITHKLINE LLC and
SMITHKLINE BEECHAM (CORK)
LIMITED,

        Plaintiffs,

   v.

TEVA PHARMACEUTICALS USA, INC.,

        Defendant.

C.A. 14-878-LPS-CJB

**VERDICT FORM**

**INDUCED INFRINGEMENT**

1. Has GSK proven by a preponderance of the evidence that Teva induced infringement of the following asserted claims of the '000 patent during the period of time when Teva's generic carvedilol contained the "partial" or "skinny" label?

      CLAIM 1      Yes ✓      No ____
                             (For GSK)   (For Teva)

**If YES, answer Question 1 for each of the following claims. If NO, go to Question 2:**

      CLAIM 2      Yes ✓      No ____
                             (For GSK)   (For Teva)

      CLAIM 3      Yes ✓      No ____
                             (For GSK)   (For Teva)

      CLAIM 6      Yes ____      No _No_
                             (For GSK)   (For Teva)

      CLAIM 7      Yes ____      No _No_
                             (For GSK)   (For Teva)

      CLAIM 8      Yes ____      No _No_
                             (For GSK)   (For Teva)

      CLAIM 9      Yes ____      No _No_
                             (For GSK)   (For Teva)

2. Has GSK proven by a preponderance of the evidence that Teva induced infringement of the following asserted claims of the '000 patent during the period of time beginning when Teva's generic carvedilol contained the "full" or "amended" label?

CLAIM 1  Yes ✓  No ___
         (For GSK)  (For Teva)

**If YES, answer Question 2 for each of the following claims. If NO, go to Question 3:**

CLAIM 2  Yes ✓  No ___
         (For GSK)  (For Teva)

CLAIM 3  Yes ✓  No ___
         (For GSK)  (For Teva)

CLAIM 6  Yes ✓  No ___
         (For GSK)  (For Teva)

CLAIM 7  Yes ✓  No ___
         (For GSK)  (For Teva)

CLAIM 8  Yes ✓  No ___
         (For GSK)  (For Teva)

CLAIM 9  Yes ✓  No ___
         (For GSK)  (For Teva)

3

**WILLFUL INFRINGEMENT**

**If you answered "YES" to Question 1 for any of the claims, answer Question 3. If not, go to Question 4.**

3. Has GSK proven by a preponderance of the evidence that Teva's infringement of the claims of the '000 patent was willful during the "partial" or "skinny" label period?

Yes ✓     No ____
(For GSK)     (For Teva)

**If you answered "YES" to Question 2 for any of the claims, answer Question 4. If not, go to Question 5.**

4. Has GSK proven by a preponderance of the evidence that Teva's infringement of the claims of the '000 patent was willful during the "full" or "amended" label period?

Yes ✓     No ____
(For GSK)     (For Teva)

**VALIDITY**

**ANTICIPATION**

5.  Has Teva proven by clear and convincing evidence that claim 1 of the '000 patent is invalid due to anticipation?

|  |  |  |
|---|---|---|
| CLAIM 1 | Yes _____ | No __No__ |
|  | (For Teva) | (For GSK) |

**If YES, answer Question 5 for each of the following claims. If NO, go to Question 6:**

|  |  |  |
|---|---|---|
| CLAIM 2 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |
| CLAIM 3 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |
| CLAIM 6 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |
| CLAIM 7 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |
| CLAIM 8 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |
| CLAIM 9 | Yes _____ | No _____ |
|  | (For Teva) | (For GSK) |

5

## OBVIOUSNESS

6.  Has Teva proven by clear and convincing evidence that any of the following asserted claims of the '000 patent is invalid due to obviousness?

| | | |
|---|---|---|
| CLAIM 1 | Yes _____ | No __No__ |
| | (For Teva) | (For GSK) |

**If YES, answer Question 6 for each of the following claims. If NO, go to Question 7:**

| | | |
|---|---|---|
| CLAIM 2 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |
| CLAIM 3 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |
| CLAIM 6 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |
| CLAIM 7 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |
| CLAIM 8 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |
| CLAIM 9 | Yes _____ | No _____ |
| | (For Teva) | (For GSK) |

## WRITTEN DESCRIPTION

7.  Has Teva proven by clear and convincing evidence that the following claim of the '000 patent is invalid due to lack of written description?

| | | |
|---|---|---|
| CLAIM 8 | Yes _____ | No __No__ |
| | (For Teva) | (For GSK) |

6

**DAMAGES**

If you answered "Yes" to any asserted claim in question 1 or 2 and answered "No" to the corresponding claim in questions 5, 6, and 7 (i.e., if you found any asserted claim of the '000 patent to be valid and infringed), then you must consider damages and follow the instructions below. If you did not so answer, then you should not answer any questions related to damages, and should proceed to the signature page (page 10).

There are three sets of damages questions and each set has three questions. You need only answer one set of damages questions depending on your prior answers to Questions 1 and 2.

Please consider the following instructions in determining which set of damages questions to answer.

> **Option A**: If you found Teva induced infringement for both the time period when Teva's generic carvedilol contained the "partial' or "skinny" label and the time period when Teva's generic carvedilol contained the "full" or "amended" label (i.e., you answered "Yes" for any claim for both questions 1 and 2), answer Questions 8 through 10. Do not answer questions 11 through 16.
>
> **Option B**: If you found Teva induced infringement for only the time period when Teva's generic carvedilol contained a "partial" or "skinny" label (i.e., you answered "Yes" for any claim in only Question 1, and answered "No" to every claim in Question 2), answer Questions 11 through 13. Do not answer questions 8 through 10, or 14 through 16.
>
> **Option C**: If you found Teva induced infringement for only the time period when Teva's generic carvedilol contained a "full" or "amended" label (i.e., you answered "No" to every claim in Question 1 and answered "Yes" for any claim in Question 2), answer Questions 14 through 16. Do not answer questions 8 through 13.

7

**Damages Option A**

8.  Has GSK proven by a preponderance of the evidence that it is entitled to lost profits?

    Yes ✓      No _____
    (For GSK)      (For Teva)

**If you answered YES to Question 8, go to Questions 9 and 10. If you answered NO to Question 8, go to Question 10.**

9.  What lost profits did GSK prove by a preponderance of the evidence?

    $ 234.11 m

10. For those infringing sales for which GSK did not prove its entitlement to lost profits by a preponderance of the evidence, what reasonable royalty did it prove by a preponderance of the evidence?

    $ 1.4 m

**Damages Option B**

11. Has GSK proven by a preponderance of the evidence that it is entitled to lost profits?

    Yes _____      No _____
    (For GSK)      (For Teva)

**If you answered YES to Question 11, go to Questions 12 and 13. If you answered NO to Question 11, go to Question 13.**

12. What lost profits did GSK prove by a preponderance of the evidence?

    $ _____

8

13. For those infringing sales for which GSK did not prove its entitlement to lost profits by a preponderance of the evidence, what reasonable royalty did it prove by a preponderance of the evidence?

$ _____

**Damages Option C**

14. Has GSK proven by a preponderance of the evidence that it is entitled to lost profits?

        Yes _____        No _____
        (For GSK)       (For Teva)

**If you answered YES to Question 14, go to Questions 15 and 16. If you answered NO to Question 14, go to Question 16.**

15. What lost profits did GSK prove by a preponderance of the evidence?

$ _____

16. For those infringing sales for which GSK did not prove its entitlement to lost profits by a preponderance of the evidence, what reasonable royalty did it prove by a preponderance of the evidence?

$ _____

You have now reached the end of the verdict form and you should review it to ensure it accurately reflects your unanimous determinations. You must each sign the verdict form in the spaces below and notify the Jury Officer after you have reached a verdict.

REDACTED