# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**LEONARD P. STARK**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 KING STREET
UNIT 26
WILMINGTON, DE 19801-3556

July 27, 2017

Elizabeth M. Flanagan
Fish & Richardson, P.C.
222 Delaware Avenue
Wilmington, Delaware 19899

Karen E. Keller
Shaw Keller LLP
1105 North Market Street
Wilmington, Delaware 19801

RE: *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.*,
C.A. No. 14-878-LPS

Dear Counsel:

I have completed my review of the parties' identification of issues on which each intends to seek post-trial relief. (D.I. 455) As a result, I have formed tentative views as to how any motions, including those challenging the jury verdict, are likely to come out. Those inclinations have informed my decision as to how this matter should proceed. I thought it would be beneficial for you to know my tentative views of the proposed motions, in the hope that this will make briefing and resolution of those motions more efficient for you and for me.

As to GSK's post-trial motions, I am likely to award pre-judgment and post-judgment interest, should any damages award survive motions practice. Appropriate costs will likely also be awarded to GSK, again on the same condition as just noted. I am unlikely to enhance damages pursuant to 35 U.S.C. § 284 based on the jury's finding of willfulness. Nor has this case appeared to meet the criteria for an "exceptional case" within the meaning of 35 U.S.C. § 285 – hence, if I am to decide this issue prior to the case proceeding to an appeal, I am unlikely to award GSK its attorneys' fees.

1

Turning to Teva's post-trial motions, I am inclined to agree with Teva that no jury could reasonably find that 100% of physicians were actually induced to infringe by Teva's actions, as opposed to other factors that were well supported by the trial record. I am presently uncertain as to the nature of the relief, if any, that would be appropriate for Teva if I ultimately conclude that I do agree with Teva on this point. My current belief is that it was correct to permit GSK to attempt to prove inducement on the theory that physicians as a class were induced to infringe.

I am inclined to disagree with Teva that no reasonable juror could have concluded that Teva's actions induced even a single physician to administer Teva's carvedilol to a patient for use in an infringing manner.

I am also inclined to disagree with Teva that GSK's "ultimate argument" – "based upon Teva's having failed to affirmatively state to physicians that Teva's carvedilol was not approved for treatment of CHF" – "does not constitute an affirmative act of inducement" as a matter of law. (D.I. 455 at 2)

As I am inclined to agree with Teva that a reasonable juror could not have found that "100% of GSK's alleged lost sales were induced by Teva" (*id.*), it is possible that Teva will be entitled to some relief with respect to the jury's damages award, at least to the extent that GSK's damages theory was based on the assumption that 100% of the infringing uses were induced by Teva's actions.

I am further inclined to agree with Teva that no reasonable juror could have concluded that Teva's Skinny Label constituted an affirmative act that encouraged direct infringement.

I have no present inclination as to the three additional arguments made by Teva in paragraph 6 of the status report. (*See id.* at 2-3)

Finally, I am not inclined to grant judgment as a matter of law or a new trial on the question of anticipation by the Kelly reference.

Given my tentative views expressed above, I believe it would be best for the parties and the

2

Court to resolve the intended post-trial motions before scheduling the bench trial on equitable estoppel, unpatentable subject matter, indefiniteness, and improper dependency. I have further decided that while some increase in the Court's standard page limits is warranted, the Court does not require briefing as extensive as Teva has requested.

Accordingly, the parties shall, if they wish, file post-trial motions and briefing according to the following schedule:

- Motions are to be filed on August 25, 2017

- Opening briefs, not to exceed a total of 30 pages per side, due August 25, 2017

- Answering briefs, not to exceed a total of 30 pages per side, due September 22, 2017

- Reply briefs, not to exceed a total 15 pages per side, due October 6, 2017[1]

- Oral argument, one hour per side, October 26, 2017 at 10:00 a.m.

I conclude by emphasizing that the views expressed in this letter do not constitute an order but are merely my present inclinations, based principally on my recollection of the trial and the parties' limited post-trial submissions. I will only be able to make final decisions after receiving the forthcoming briefing and conducting oral argument.

Sincerely,

Honorable Leonard P. Stark
United States District Judge
District of Delaware

---

[1] Thus, no matter how many motions are filed, the Court should not receive more than a total of 150 pages of briefing (30 + 30 + 15 for each side).

3