**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GLAXOSMITHKLINE LLC and
SMITHKLINE BEECHAM (CORK)
LIMITED,

                    Plaintiffs,

        v.

TEVA PHARMACEUTICALS USA, INC.,

                  Defendant.

Civil Action No. 14-878-GBW-CJB

---

## MEMORANDUM ORDER

On February 27, 2024, following remand from the United States Court of Appeals for the Federal Circuit and an unsuccessful petition for a writ of certiorari, this Court ordered the parties to specify the issues the parties contend remain to be resolved by this Court on remand and the parties' positions on those issues. D.I. 528. On March 22, 2024, Defendant Teva Pharmaceuticals USA, Inc. ("Defendant or Teva") filed its Opening Brief on Remand ("Remand Brief"). D.I. 529. On April 22, 2024, Plaintiff Glaxosmithkline LLC and Plaintiff Smithkline Beecham (Cork) Limited (together, "Plaintiff" or "GSK") filed its Response to Teva's Brief re Issues Remaining to Be Tried ("Response Brief"). D.I. 535. On April 29, 2024, Teva filed its Reply Brief on Remand ("Reply Brief"). D.I. 537. For the reasons herein, the Court determines that the following issues remain to be resolved:

1.  Teva's equitable estoppel and § 101 defenses;

2.  Whether Teva is liable for enhanced damages, attorneys' fees, and prejudgment interest;

3.  Whether the Court should strike various exhibits that GSK submitted in support of its motion for enhanced damages;

4. Whether the Court should order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the jury's verdict that Teva *caused* the doctors to infringe U.S. Patent No. RE40,000 ("the '000 patent");

5. Whether the Court should enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b) that the doctors as a class did not infringe the specific-intent claim limitation of the '000 patent; and

6. Whether the Court should alternatively order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the same specific-intent claim limitation issue.

The Court will reference each of these issues as Issues (1)-(6), respectively.

## I.    BACKGROUND

On July 3, 2014, GSK filed a complaint alleging that Teva willfully induced and contributed to infringement of the '000 patent and, on August 26, 2015, GSK filed a Second Amended Complaint ("SAC") (the operative complaint) alleging the same. D.I. 1; D.I. 60. On November 2, 2016, the Court dismissed GSK's claim for contributory infringement pursuant to a stipulation from the parties. *See* D.I. 211 (stipulating dismissal). On June 12, 2017, a seven day jury trial began. *See* D.I. 457; D.I. 458; D.I. 459; D.I. 460; D.I. 461; D.I. 462; D.I. 463. On June 20, 2017, the jury returned a verdict (1) finding that Teva willfully induced infringement of certain claims of the '000 patent, (2) finding that the '000 patent was not invalid, and (3) awarding damages. D.I. 448.

On August 25, 2017, Teva filed a Motion for Judgment as a Matter of Law, or in the Alternative for a New Trial ("JMOL Motion"). D.I. 464. Teva's JMOL Motion asserted *inter alia* that (1) the Court should enter judgment as a matter of law that Teva did not *cause* physicians to infringe the '000 patent, or order a new trial on the same issue, and (2) the Court should enter judgment as a matter of law that physicians did not infringe the specific-intent claim limitation of

2

the '000 patent, or order a new trial on the same issue.  D.I. 464.  The same day, GSK filed a Motion for Enhanced Damages, Attorney Fees, and Interest ("Enhanced Damages Motion"), a supporting Declaration of Elizabeth M. Flanagan (the "Flanagan Declaration") and various supporting exhibits.  D.I. 466; D.I. 468.  On September 28, 2017, Teva filed a Motion to Strike Certain Exhibits to the Flanagan Declaration ("Motion to Strike").  D.I. 474.

In the Court's Memorandum Opinion resolving these motions, the Court granted Teva's request for judgment as a matter of law that Teva did not *cause* physicians to infringe the '000 patent.  D.I. 489 at 23-24.  The Court did not conditionally rule on Teva's corresponding motion for a new trial.  *See* Fed. R. Civ. P. 50(c)(1) ("If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed.").  The Court did not address Teva's "alternative basis for JMOL," *i.e.*, that physicians did not infringe the specific-intent claim limitation of the '000 patent.  D.I. 489 at 10 n.7.  The Court denied GSK's Enhanced Damages Motion and Teva's Motion to Strike as moot.  D.I. 489 at 26.

GSK appealed this Court's judgment as a matter of law that Teva did not *cause* physicians to infringe the '000 patent, and Teva conditionally cross-appealed the jury's damages award. *Glaxosmithkline LLC v. Teva Pharms. USA, Inc. ("GSK I")*, 7 F.4th 1320, 1323 (Fed. Cir. 2021) (per curiam).  On August 5, 2021, the Federal Circuit vacated this Court's judgment, reinstated the jury's verdict and award, and remanded "for appropriate further proceedings."  *Id.* at 1323; *see id.* at 1326 (explaining that "substantial evidence support[ed] that Teva actively induced").  On February 11, 2022, the Federal Circuit denied petitions for a panel rehearing and rehearing en banc. *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc. ("GSK II")*, 25 F.4th 949, 950 (Fed. Cir. 2022)

3

(per curiam). On May 15, 2023, the U.S. Supreme Court denied certiorari. *Teva Pharms. USA, Inc. v. GlaxoSmithKline* LLC, 143 S. Ct. 2483 (2023).

Per instruction from this Court (D.I. 528), the parties have briefed their positions on the issues they contend remain to be resolved by this Court on remand (*see* D.I. 529; D.I. 535; D.I. 537). The parties do not dispute that Issues (1)-(3) remain pending:

1.  Teva's equitable estoppel and § 101 defenses (*see* D.I. 529 at 7; *see also* D.I. 535 at 2 ("It is time to move it forward towards a final resolution by conducting the bench trial on the two sole remaining issues: Teva's equitable estoppel and § 101 defenses."));[1]

2.  Whether Teva is liable for enhanced damages, attorneys' fees, and prejudgment interest (an issue previously mooted by this Court's judgment as a matter of law, but now ripe in light of the Federal Circuit's partial vacatur) (*see* D.I. 535 at 8 (correctly observing that these issues remain pending)); and

3.  Whether the Court should strike various exhibits that GSK submitted in support of its Enhanced Damages Motion (an issue previously mooted by this Court's judgment as a matter of law, but now ripe in light of the Federal Circuit's partial vacatur).

The parties dispute, however, whether Issues (4)-(6) remain pending:

4.  Whether the Court should order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the jury's verdict that Teva *caused* the doctors to infringe the '000 patent (the same issue that was before the District Court and the Federal Circuit in the context of a motion for judgment as a matter of law);

---

[1] This excludes issues that Teva has elected not to pursue. *See* D.I. 529 at 8 n.3 (electing not to pursue "indefiniteness of claim 8 and improper dependency of claim 8 as bench trial issues").

5. Whether the Court should enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b) that the doctors as a class did not infringe the specific-intent claim limitation of the '000 patent (an issue raised by Teva in its JMOL Motion but not addressed by this Court); and

6. Whether the Court should alternatively order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the same specific-intent claim limitation issue (an issue likewise raised by Teva in its JMOL Motion but not addressed by this Court).

GSK contends that Issues (4)-(6) "were subsumed within the Federal Circuit's mandate and cannot be further adjudicated." D.I. 535 at 1.  GSK also contends that Teva waived Issues (5) and (6) by failing to raise them in Teva's original motion for judgment as matter of law during trial.  *See* D.I. 535 at 13.  Teva disagrees with these contentions.  D.I. 529; D.I. 537.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

## A.    LEGAL STANDARD

"By now, it is axiomatic that on remand for further proceedings after a decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *United States v. Kennedy*, 682 F.3d 244, 252-53 (3d Cir. 2012) (cleaned up).  "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* at 253.

On remand, district courts cannot reconsider issues "actually decided, either expressly or by implication" by the appeals court. *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998). In contrast, district courts may "address issues" that were "neither presented to [the appellate court] nor discussed in [the appellate court's] opinion, nor necessary to [the appellate court's] disposition of the appeal" that were raised but undecided or denied-as-moot by the district court. *See*

5

*Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1372 (Fed. Cir. 2014).  A court

of appeals' reinstatement of a jury's verdict does not necessarily "preclude the district court from

hearing and deciding" motions for judgment as a matter of law that the district court previously

"denied as moot."  *See Taltech Ltd. v. Esquel Enters.*, 609 F. Supp. 2d 1195, 1201 n.5 (W.D. Wash.

2009), *aff'd in part and rev'd in part on other grounds, Taltech Ltd. v. Esquel Enters.*, 604 F.3d

1324, 1327 (Fed. Cir. 2010).

## III.    DISCUSSION

The Parties agree or do not dispute that Issues (1)-(3) remain pending.[2]  The Court finds

that Issues (4)-(6) also remain pending.  The Discussion below explains: (A) the Federal Circuit's

vacatur of this Court's judgment as a matter of law does not foreclose Teva's alternative motion

for a new trial, *i.e.*, Issue (4); (B) Teva did not waive Issues (5) and (6); (C) in light of non-waiver,

Issues (5) and (6) remain pending because Teva raised Issues (5) and (6) in its JMOL Motion and

neither this Court nor the Federal Circuit addressed those Issues; and (D) the procedures on

remand.

### A.    The Federal Circuit's Vacatur of this Court's Judgment as a Matter of Law Does Not Foreclose Teva's Alternative Motion for a New Trial, *i.e.*, Issue (4)

While GSK contends that this Court need not consider Teva's request for a new trial (D.I

535 at 14-18), "[a] new trial may be granted even when [JMOL] is inappropriate." *Roebuck v.

Drexel University*, 852 F.2d 715, 735-736 (3d Cir. 1988); *see Honeywell Int'l, Inc. v. Hamilton

Sundstrand Corp.*, 166 F. Supp. 2d 1008, 1024 n.8 (D. Del. 2001) (confirming that "a new trial

may be granted even when judgment as a matter of law is inappropriate, that is, even if the verdict

---

[2] The parties did not brief whether Teva's Motion to Strike is again ripe in light of the Federal Circuit's partial vacatur.  However, given that GSK's Enhanced Damages Motion is again ripe, it follows that Teva's Motion to Strike (which pertains to GSK's Enhanced Damages Motion) is again ripe.

6

is supported by substantial evidence"), *vacated on other grounds*, *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1146 (Fed. Cir. 2004). Thus, this Court may consider whether a new trial is appropriate with respect to Issue (4) notwithstanding the Federal Circuit's vacatur of the same issue in the context of judgment as a matter of law.

GSK contends that this Court should adhere to the Court's prior determination that a new trial would be futile. D.I. 535 at 14-15. However, the Court made such determination "given [] conclusions" that the Federal Circuit has since vacated. *See* D.I. 489 at 10 n.6. Both parties cite several cases showing that this Court has granted, or has denied, motions for a new trial where the Court also denied corresponding motions for judgment as a matter of law. D.I. 529 at 19; D.I. 535 at 15-16. Aside from corroborating that this Court may order a new trial notwithstanding the Federal Circuit's vacatur, the Court does not find these decisions useful for the purpose of determining which issues are yet outstanding on remand.

GSK also contends (D.I. 535 at 17) that the "mandate rule precludes consideration of Teva's new trial motion" because "Teva's cross-appeal expressly included the district court's alleged failure to rule on Teva's new trial motion" and in its ruling, the Federal Circuit concluded that "[b]ecause the district court did not err in its jury instructions on damages, we affirm on the cross-appeal" (*GSK I*, 7 F.4th at 1341-42). However, this Court is free to consider issues (like this one) that were not "actually decided, either expressly or by implication," by the Federal Circuit. *See In re City of Phila. Litig.*, 158 F.3d at 718. Here, the Federal Circuit never "actually decided" whether a new trial was appropriate. *See id.* Indeed, the Federal Circuit remanded "for appropriate further proceedings." *GSK I*, 7 F.4th at 1323.[3]

---

[3] While this Section was written in the context of Issue (4), the same analysis applies with respect to Issue (6), which involved Teva's request for a new trial on a different basis.

**B.    Teva Did Not Waive Issue (5) or Issue (6)**

Federal Rule of Civil Procedure 50(a) provides: "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury . . . [and] must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).  In turn, Federal Rule of Civil Procedure 50(b) provides: "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b).

"A motion for judgment as a matter of law pursuant to Rule 50(b) must be preceded by a Rule 50(a) motion *sufficiently specific* to afford the party against whom the motion is directed with an opportunity to cure possible defects in proof which otherwise might make its case legally insufficient." *Viatech Techs., Inc. v. Adobe Inc.*, No. 20-cv-358-RGA, 2024 U.S. Dist. LEXIS 126563, at *10 (D. Del. July 17, 2024) (emphasis in original) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1173 (3d Cir. 1993)).  The Federal Circuit has "held that even a cursory motion suffices to preserve an issue on JMOL so long as it serves the purposes of Rule 50(a), *i.e.*, to alert the court to the party's legal position and to put the opposing party on notice of the moving party's position as to the insufficiency of the evidence." *W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1367 (Fed. Cir. 2010) (citation omitted).  In *Read Corporation v. Powerscreen of America, Inc.*, the Federal Circuit explained:

> The primary focus of Powerscreen's Rule 50(a) motion with respect to the '000 patent was that Read failed to present evidence of the direct infringement that is necessary to support a finding of inducement. In particular, Powerscreen argued

8

that there was no evidence that users of the Powergrid infringed the '000 patent by installing a bolted connecting plate between the two screens of the Powergrid shaker assembly. In the introduction, in a section heading, and in the conclusion of its motion, however, Powerscreen broadly asserted that the evidence did not support a finding that Powerscreen infringed the '000 patent. Those assertions, although presented without elaboration, were sufficient to preserve Powerscreen's legal challenge to the sufficiency of the evidence with respect to infringement, including infringement under the doctrine of equivalents. *See Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1324-25 (Fed. Cir. 1991) (holding that a barebones motion for directed verdict on the issue of noninfringement was adequate to support a post-verdict JNOV motion concerning the doctrine of equivalents); *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 n.6, 39 U.S.P.Q.2D (BNA) 1492, 1498-99 n.6 (Fed. Cir. 1996) (same).

44 F. App'x 502, 504 (Fed. Cir. 2002).

Here, similar to the defendants in *Read Corporation*, Teva moved for judgment as a matter of law under Rule 50(a) during trial on the basis "that GSK ha[d] not demonstrated induced infringement." D.I. 460 at 930:14-15; *see Read Corp.*, 44 F. App'x at 504. Like the defendants' assertions in *Read Corporation*, Teva's assertions in its Rule 50(a) motion, even if they were "presented without elaboration," are nonetheless "sufficient to preserve [Teva's] legal challenge to the sufficiency of the evidence with respect to" Issues (5) and (6) regarding direct infringement (one of the elements of induced infringement). *See Read Corp.*, 44 F. App'x at 504; *see also LiTL LLC v. ASUSTeK Comput. Inc.*, No. 23-cv-122-RGA, 2023 U.S. Dist. LEXIS 205293, at *4 (D. Del. Nov. 16, 2023) (confirming that the elements of induced infringement are: "(1) direct infringement, (2) knowing inducement of infringement, and (3) specific intent to encourage another's infringement"). Therefore, Teva's Rule 50(a) JMOL motion, even if it is "cursory," still sufficiently "alert[ed] the court to [Teva's] legal position and [] put [GSK] on notice of [Teva's] position." *See W. Union Co.*, 626 F.3d at 1367. For these reasons, Teva did not waive Issues (5) and (6).

C.   **In Light of Non-Waiver, Issues (5) and (6) Remain Pending Because Teva Raised Issues (5) and (6) in its JMOL Motion and Neither this Court Nor the Federal Circuit Addressed These Issues**

In resolving Teva's JMOL Motion, this Court did "not address" Issue (5), *i.e.*, Teva's contention that the doctors as a class did not infringe the specific-intent claim limitation of the '000 patent. D.I. 489 at 10 n.7.[4] Neither did the Federal Circuit resolve the issue.[5] *See GSK I*, 7 F.4th.

GSK contends: "Because the Federal Circuit reinstated GSK's induced infringement verdict, it also decided any predicate direct infringement issues in GSK's favor." D.I. 535 at 11, 14. GSK is incorrect. While the Federal Circuit re-instated the jury's verdict, the Federal Circuit's reinstatement and corresponding mandate do not "preclude the district court from hearing and deciding the [remaining] JMOL motions [that the district court] previously denied as moot." *See Taltech Ltd. v. Esquel Enters.*, 609 F. Supp. 2d 1195, 1201 n.5 (W.D. Wash. 2009); *see also Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1348 (Fed. Cir. 2001) (explaining that where "the trial court had not addressed the contested issue" that said issue was not "within the scope of the judgment initially appealed").

GSK also contends that the Federal Circuit ruled on direct infringement generally and proffers cherry-picked holdings from *GSK I* in support of this contention. D.I. 535 at 11-13.

---

[4] The specific-intent claim limitation of the '000 patent requires prescription by physicians with the specific objective of decreasing the risk of mortality caused by congestive heart failure. *See* D.I. 165 at 43-44 (recommending the construction of "decreasing mortality caused by congestive heart failure" and "to decrease a risk of mortality caused by congestive heart failure" as "a claim limitation that means 'attempt[ing] to reduce the probability that a patient will die as a result of congestive heart failure'"); *see also* D.I. 290 at 6-7 (adopting this recommendation).

[5] The Federal Circuit may resolve issues not explicitly addressed below. *See Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 1276 (Fed. Cir. 2014) ("This court has recognized its authority to resolve questions of law not addressed below as long as such a ruling would not be clearly unfair to the appellee."). As explained in this Memorandum Order, however, the Federal Circuit did not resolve Teva's specific-intent claim limitation contention.

However, each of these holdings were made in the context of inducement, not direct infringement. With respect to the specific-intent claim limitation of the '000 patent, GSK asserts:

> In reversing the district court's JMOL, the Federal Circuit stated that "[t]he combination of Teva's partial label, Dr. McCullough's element-by-element testimony *that the partial label explicitly instructs administering carvedilol for the claimed use of decreasing mortality caused by CHF*, and Dr. Zusman's admission that the post-MI LVD indication falls within the definition of congestive heart failure is substantial evidence that supports the jury's finding."

D.I. 535 at 13 (emphases in original) (citations omitted).

GSK's assertion, however, is unavailing. The Federal Circuit's holding, like the Federal Circuit's holdings addressed above, was in the context of causation, not direct infringement. *See GSK I*, 7 F.4th at 1327 (explaining, in the same section containing GSK's cherry-picked quotation from *GSK I*, that "GSK argues that substantial evidence supports the jury's verdict that Teva's partial label *encouraged* an infringing use (via the post-MI LVD indication) and that Teva's marketing materials *encouraged* prescribing carvedilol in a manner that would cause infringement of the '000 patent. We agree." (emphases added)); *see also id.* at 1338 (explaining, in the end of the same section: "This is substantial evidence from which a reasonable jury could conclude that Teva intentionally *encouraged* the practice of the claimed method." (emphasis added)).

GSK also contends:

> Moreover, Teva admitted in its appellate briefs that the trial record showed "doctors were already prescribing carvedilol for the patented use" and "physicians performed the steps of that [patented] method". In so arguing, Teva admitted that doctors were administering the patented method to reduce mortality from heart failure.

D.I. 535 at 13-14 (citations omitted). However, Teva's assertions that "doctors were already prescribing carvedilol for the patented use" and that "physicians performed the steps of that [patented] method" do not admit the specific claim limitation at issue here requiring prescription with the specific objective of decreasing the risk of mortality caused by congestive heart failure.

11

Like the Federal Circuit's decision, Teva's contentions here were in the context of causation, not direct infringement. Furthermore, even if Teva asserted that physicians infringed certain aspects of the '000 patent, such assertions do not amount to an admission that the physicians infringed every limitation of the '000 patent.

For the reasons discussed above, Issue (5) remains pending on remand.[6]

## D.    Procedures on Remand

The parties propose various procedures on remand. Teva proposes "that the Court first resolve the parties' dispute[s] about what issues are ripe for resolution on remand and then resolve the merits of Teva's remaining grounds for JMOL and a new trial." D.I. 529 at 19. The Court generally adopts this proposal and sets forth a briefing schedule below in which the parties may present their positions on Issues (1)-(6). Teva further proposes "[s]hould this Court determine that a new trial is appropriate, we suggest that the Court at that time convene the parties to address the appropriate sequencing between a new jury trial and a bench trial on the pending invalidity and equitable defenses." D.I. 529 at 19-20. The Court defers determining such procedure until it is relevant. The Court likewise defers determining the procedure for any bench trial (*see* D.I. 535 at 10) until such time that it is relevant.

Teva also submits that "this Court may wish to seek Judge Stark's appointment by designation, at the very least to consider Teva's renewed JMOL and new-trial motions." D.I. 529 at 20. Teva asserts that such appointment "would be particularly appropriate given that a key rationale for the significant discretion district courts are afforded in making new-trial determinations is the 'unique opportunity to consider the evidence in the living courtroom context'

---

[6] While this Section was written in the context of Issue (5), the same analysis generally applies with respect to Issue (6), such that Issues (5) and (6) both remain pending for resolution by this Court.

that the district court that presided over trial has but reviewing courts do not." D.I. 529 at 20. However, the Court has access to the trial transcripts and is fully equipped to resolve any motions that Teva (or GSK) may file on remand. As GSK observes, Teva's request in this regard has also already been denied. *See* D.I. 535 at 18 (citing D.I. 510; D.I. 511).

Finally, Teva requests that this Court grant Teva's alternative basis for judgment as a matter of law or Teva's motion for a new trial since GSK did not set forth its substantive positions on those issues in its Response Brief. *See, e.g.*, D.I. 537 at 6. The Court declines Teva's request and allows GSK to present its positions in a manner consistent with this Memorandum Order.

## IV. CONCLUSION

For the foregoing reasons, Issues (1)-(6) remain pending.

* * *

WHEREFORE, at Wilmington this 12th day of December 2024, **IT IS HEREBY ORDERED** that the following issues remain pending:

1. Teva's equitable estoppel and § 101 defenses;

2. Whether Teva is liable for enhanced damages, attorneys' fees, and prejudgment interest;

3. Whether the Court should strike various exhibits that GSK submitted in support of its motion for enhanced damages;

4. Whether the Court should order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the jury's verdict that Teva *caused* the doctors to infringe the '000 patent;

13

5. Whether the Court should enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b) that the doctors as a class did not infringe the specific-intent claim limitation of the '000 patent; and

6. Whether the Court should alternatively order a new trial under Federal Rules of Civil Procedure 50 and 59 in connection with the same specific-intent claim limitation issue of the '000 patent.

**IT IS FURTHER ORDERED** that Teva shall file its motion and opening brief setting forth its positions on Issues (4)-(6) and legal authority in support thereof by no later than thirty (30) days from the entry of this Memorandum Order. GSK shall file its response in opposition and answering brief setting forth the grounds for its opposition and any legal authority in support thereof by no later than thirty (30) days from Teva's motion. Teva shall file any reply brief by no later than fourteen (14) days from GSK's answering brief. The opening and answering briefs shall be twenty (20) pages or less and the reply brief shall be five (5) pages or less. The parties may assume the Court's familiarity with the factual and procedural background of the case.

**IT IS FURTHER ORDERED** that GSK may re-file its Enhanced Damages Motion by no later than thirty (30) days from the entry of this Memorandum Order. Teva may file any opposition brief within seven (7) days of GSK's motion and GSK may file any reply brief within seven (7) days of Teva's opposition. The same page limitations that applied to the original motion and briefing shall apply. The parties shall modify their papers only as necessary to reflect changes in the posture of this action and the instructions in this Memorandum Order.

**IT IS FURTHER ORDERED** that Teva may re-file its Motion to Strike by no later than seven (7) days from any re-filing of GSK's Enhanced Damages Motion. GSK may file any opposition brief within seven (7) days of Teva's motion and Teva may file any reply brief within

seven (7) days of GSK's opposition.  The same page limitations that applied to the original motion and briefing shall apply.  The parties shall modify their papers only as necessary to reflect changes in the posture of this action and the instructions in this Memorandum Order.

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE